UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PRUDENCIO CORDOVA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-268 |
| | § | |
| MAXIMILLANO J HERRERA, *et al*, | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL**

Plaintiff has filed a motion titled "Plaintiff's Appeal to Compell [sic] Discovery" (D.E. 46), which the Clerk has docketed as a motion for reconsideration of this court's order denying without prejudice his motion to compel (D.E. 44). Plaintiff failed to make it clear in his motion that he was asking for review by a District Judge; therefore the motion will be considered as a motion directed to undersigned United States Magistrate Judge to reconsider its earlier order.

It appears that plaintiff is actually requesting reconsideration of an order entered on February 22, 2012 (D.E. 42), denying that defendant be compelled to produce medical records dating back to 2001 (D.E. 46). Counsel for defendant stated that he had produced medical records dating back to one year before the incident that formed the basis for plaintiff's claim and six months afterward (D.E. 41). The request for ten additional years of records was denied without prejudice unless plaintiff could demonstrate the relevance of the records (D.E. 42). Plaintiff now states that he needs the records dating back to 2001when he arrived at the McConnell Unit because he has the right to present

"historical" facts with regard to his medical condition (D.E. 46).  According to the Federal Rules of Civil Procedure, a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  FED. R. CIV. P. 26(b)(1).  Plaintiff has failed to demonstrate that ten years worth of medical records are relevant to the issue of qualified immunity, which examines only whether Dr. Herrera was aware of, and deliberately indifferent to, plaintiff's serious medical needs *at the time* plaintiff was injured in a fall from his top bunk.  *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).  Plaintiff's motion for reconsideration of the order denying his motion to compel (D.E. 46) is denied without prejudice.

If plaintiff's claims survive summary judgment and his case is scheduled for trial, plaintiff may request that the records be produced for trial.

**NOTICE TO PLAINTIFF:**

If plaintiff believes that any part of this ruling is clearly erroneous or contrary to law, he may request review by a District Judge.  28 U.S.C. § 636(b)(1)(A).  Plaintiff should make it clear in his request that he is seeking review by the District Judge, and must file his request for review within fourteen days of receipt of a copy of this order.  FED. R. CIV. P. 72(a).

ORDERED this 14th day of March, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE