UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PRUDENCIO CORDOVA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-268 |
| | § | |
| MAXIMILLANO J HERRERA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION ON
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Pending before the Court is Defendant Dr. Herrera's Motion for Summary Judgment (D.E. 36).  On April 16, 2012, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 50), recommending that Defendant's Motion for Summary Judgment be granted.  Plaintiff filed his Objections (D.E. 52) on April 25, 2012.

Plaintiff's first objection is to the Magistrate Judge's refusal to appoint counsel to represent him.  The Court agrees with the Magistrate Judge's analysis in her "Memorandum Opinion and Order Denying Motion for Appointment of Counsel."  D.E. 24.  The issues in this case do not require the appointment of counsel.  Plaintiff's first objection is OVERRULED.

Plaintiff's second objection is a claim that the expert witness made false or misleading statements.  The Magistrate Judge outlined the Plaintiff's medical history as reflected in his medical records.  The Plaintiff does not point out any inaccuracy in that

recitation of the medical history, which is the information upon which the summary judgment analysis is based. Plaintiff's second objection is OVERRULED.

Plaintiff's third objection appears to be a complaint that the expert witness was dishonest because he had a conflict of interest and the medical records could support a "winning law suit against UTMB-Medical Branch." However, this Court must concern itself only with the civil rights claim that was filed. As the facts and the law do not support the Plaintiff's civil rights claim, any other relief under other theories is not relevant to the disposition of the motion. Plaintiff's third objection is OVERRRULED.

Plaintiff's fourth objection complains that Texas Civil Statutes, title 110A, art. 6252-19 (repealed, now part of the Texas Civil Practice & Remedies Code chapter 102) provides a cause of action that the Texas legislature would not intend to have defeated by concepts of immunity. However, Plaintiff's action is based upon his federal civil rights and is not a state tort claim. The Magistrate Judge correctly determined that qualified immunity applied to the action under consideration. Plaintiff's fourth objection is OVERRULED.

Plaintiff's fifth objection is that his failures to seek treatment have had no effect on his permanent disability with respect to tinnitus, vertigo, or dizziness. Thus, that evidence is not relevant to this case. What the Plaintiff does not appreciate is that to show deliberate indifference to serious medical needs, the Plaintiff must inform the medical personnel of the problem and the medical personnel must understand the problem and be deliberately indifferent to it. Whether or not the Plaintiff's condition is permanent, he needs to show that he made the medical personnel aware of his symptoms,

including continuing vertigo and the need to renew his low bunk status. If the Plaintiff quits complaining of the problem, it is not "deliberate indifference" for the medical personnel to fail to treat it. Plaintiff's fifth objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's Motion for Summary Judgment (D.E. 36) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 13th day of June, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE